# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ANTONIO HARDY, : | |
| AIS 186522, | |
| : | |
| Petitioner, | |
| : | |
| vs. | CA 11-0548-WS-C |
| : | |
| LEEPOSEY DANIELS, et al., | |
| : | |
| Respondents. | |

## REPORT AND RECOMMENDATION

Antonio Hardy, a state prisoner presently in the custody of respondent Leeposey Daniels, the Warden of Elmore Correctional Facility, has petitioned this Court for habeas corpus relief pursuant to 28 U.S.C. § 2254. This matter has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that the instant petition be dismissed without prejudice due to petitioner's failure to comply with 28 U.S.C. § 2244(b)(3)(A).

## BACKGROUND

On May 2, 2006, Hardy entered a counseled guilty plea to one count of unlawful distribution of a controlled substance in the Circuit Court of Dallas County, Alabama and was sentenced to a 20-year term of imprisonment; this sentence was split, petitioner being ordered to serve three years in prison with the remainder of the

sentence to be commuted upon Hardy's successful completion of a five-year term of probation. (*Compare* Doc. 15, at 1 *with Hardy v. Giles,* CA 08-0423-CG-M, Doc. 6, at 3.)[1] Hardy did not directly appeal his convictions or sentences; instead, he waived his right to appeal both his unlawful distribution of a controlled substance conviction and his murder conviction. *See, e.g., Hardy v. Giles,* CA 08-0065-CG-M, Doc. 31, at 4.[2]

Hardy filed a Rule 32 petition in the Circuit Court of Dallas County, Alabama on August 30, 2006, collaterally attacking his convictions and sentences. *See, e.g., Hardy v. Giles*, CA 08-0423-CG-M, Doc. 12, at 4. In Hardy's original habeas challenges to the foregoing convictions and sentences, this Court determined that petitioner's August 30, 2006 Rule 32 petition was not "properly filed" because it contained challenges to two separate convictions (that is, the October 27, 2005 murder conviction and the May 2, 2006 unlawful distribution of a controlled substance conviction) in the same petition and, therefore, same did not toll the one-year limitations period. *See, e.g., id.* at 5.

Hardy filed a petition seeking federal habeas corpus relief, pursuant to 28 U.S.C. § 2254, on December 19, 2007, in the Middle District of Alabama, collaterally attacking his drug conviction and sentence, as well as his separate murder conviction and

---

[1] Prior to entry of this guilty plea, that is, on October 27, 2005, Hardy was convicted of murder in the Circuit Court of Dallas County, Alabama; he was sentenced to life imprisonment on January 20, 2006. (*Compare* Doc. 8, at 2 *with Hardy v. Giles*, CA 08-0065-CG-M, Doc. 31, at 3.)

[2] Indeed, Hardy dismissed his murder appeal. *See Hardy v. State*, 978 So.2d 83 (Ala.Crim.App. May 9, 2006) (table).

2

sentence; that court transferred petitioner's complaint to this Court on January 31, 2008. *See, e.g., Hardy v. Giles*, CA 08-0065-CG-M, Doc. 5. This Court subsequently determined that because Hardy was attacking two different convictions, he needed to file two separate habeas corpus petitions. *See id.* at Doc. 23. Once petitioner did as ordered, this Court separated petitioner's drug conviction into a separate action, *see id.* at Doc. 27, that is, *Hardy v. Giles*, CA 08-0423-CG-M. On October 8, 2008, Magistrate Judge Bert W. Milling, Jr. recommended that both the "drug" petition and Hardy's separate "murder" petition be dismissed as time-barred (*compare* Doc. 15, Report and Recommendation in CA 08-0423-CG-M *with Hardy v. Giles,* CA 08-0065-CG-M, Doc. 37). Chief United States District Judge Callie V.S. Granade adopted the Magistrate Judge's reports and recommendations by orders and judgments entered on November 3, 2008. (*Compare* Doc. 15, Order and Judgment in CA 08-0423-CG-M *with Hardy v. Giles,* CA 08-0065-CG-M, Docs. 38 & 39.) For his part, Hardy appealed neither dismissal. *Compare Hardy v. Giles*, CA 08-0065-CG-M, Docket Sheet *with Hardy v. Giles*, CA 08-0423-CG-M, Docket Sheet.

Hardy filed another Rule 32 petition in the Circuit Court of Dallas County, Alabama on April 14, 2009. (*See* Doc. 8, at 4.) According to petitioner, this Rule 32 petition was denied by the Dallas County Circuit Court on June 3, 2011. (*See id.*)

Hardy initially filed a habeas corpus petition in the United States District Court for the Middle District of Alabama on August 9, 2011. (*See* Doc. 6) Petitioner's case was transferred to this Court on September 19, 2011. (*See id.*) Thereafter, the Court ordered

3

petitioner to file his complaint on this Court's form; he did so on October 11, 2011. (Doc. 8.) The claims petitioner seeks to raise in the instant petition are both similar and different from those raised in his first federal habeas petitions. (*Compare* Doc. 6, Complaint and Brief *with Hardy v. Giles,* CA 08-0065-CG-M, Doc. 10 and *Hardy v. Giles,* CA 08-0423, Doc. 2.)[3]

## **CONCLUSIONS OF LAW**

Pursuant to 28 U.S.C. §§ 2254 and 2244(b)(3)(A), as amended by §§ 105 and 106 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "'[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.'" *Guenther v. Holt*, 173 F.3d 1328, 1330 (11th Cir. 1999), quoting 28 U.S.C. § 2244(b)(3)(A), *cert. denied*, 528 U.S. 1085, 120 S.Ct. 811, 145 L.Ed.2d 683 (2000). "[T]he petitioner first must obtain an order from the court of appeals authorizing the district court to consider" a second or successive petition because "[w]ithout authorization, the district court lacks jurisdiction to consider [such] second or successive petition." *United States v. Holt,* 417 F.3d 1172, 1175 (11th Cir. 2005) (citations omitted); *see also Tompkins v. Secretary, Department of Corrections,* 557 F.3d 1257, 1259 (11th Cir.) ("Section 2244(b)(3)(A) requires a district

---

[3] The undersigned cites to both of petitioner's previous habeas corpus petitions because Hardy has once again filed a combined challenge to his drug and murder convictions in this Court (*compare* Doc. 6 *with* Doc. 8); however, the undersigned declines to order Hardy to file separate petitions given the content and import of this report and recommendation.

4

court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it."), *cert. denied sub nom. Tompkins v. McNeil,* 555 U.S. 1161, 129 S.Ct. 1305, 173 L.Ed.2d 482 (2009).

The instant § 2254 petition, filed August 9, 2011, is clearly a successive petition,[4] yet there is nothing to indicate that Hardy filed an application with the Eleventh Circuit Court of Appeals seeking an order authorizing this Court to consider this second/successive petition. *See, e.g., Farris v. United States,* 333 F.3d 1211, 1216 (11th Cir. 2003) ("[The movant must first file an application with the appropriate court of appeals for an order authorizing the district court to consider it."). Because petitioner has not applied to the Eleventh Circuit Court of Appeals for permission to file this his second federal habeas petition, nor been granted leave of that court to file another habeas corpus petition, this Court lacks jurisdiction to consider Hardy's request for relief, *compare id.* ("Without authorization, the district court lacks jurisdiction to consider a

---

[4] A district court's dismissal of a petitioner's first habeas petition(s) on statute of limitations grounds, as here, constitutes an adjudication on the merits for purposes of invoking the second or successive requirements of 28 U.S.C. § 2244(b)(3). *See Jordan v. Secretary, Department of Corrections,* 485 F.3d 1351, 1353 (11th Cir.) ("[I]n September of 2000, Jordan filed his first petition in federal court pursuant to 28 U.S.C. § 2254. The district court dismissed it with prejudice as untimely. He then filed another Rule 3.850 motion for collateral relief in the state trial court. After that motion was denied, Jordan in October of 2003 filed *pro se* an application in this Court seeking an order permitting him to file a second or successive § 2254 petition in the district court. . . . A panel of this Court found that Jordan had made out a prima facie case under 28 U.S.C. § 2244(b)(2)(B) for filing a second or successive petition in the district court and entered an order permitting him to do so."), *cert. denied sub nom. Jordan v. McDonough,* 552 U.S. 979, 128 S.Ct. 450, 169 L.Ed.2d 315 (2007).

second or successive petition.") *with Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir.) ("Under 28 U.S.C. § 2244(b)(3)(A), the district court lacked jurisdiction to consider Appellant Hill's request for relief because Hill had not applied to this Court for permission to file a second habeas petition."), *cert. denied*, 520 U.S. 1203, 117 S.Ct. 1571, 137 L.Ed.2d 714 (1997).

In light of the foregoing, this cause is due to be dismissed for want of jurisdiction pursuant to 28 U.S.C. § 2244(b)(3)(A). *Compare Tompkins, supra,* 557 F.3d at 1259 ("Section 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it.") *with United States v. Holt, supra,* 417 F.3d at 1175 ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition.") *and Simmons v. Cummins,* 2010 WL 582091, *2 (M.D. Ala. Jan. 15, 2010) ("It is clear from the pleadings filed herein that Simmons has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider a successive application for habeas relief. 'Because this undertaking [is Simmons'] second habeas corpus petition and because he had no permission from [the Eleventh Circuit] to file a second habeas petition, . . . the district court lack[s] jurisdiction to grant the requested relief.'"), *report & recommendation adopted*, 2010 WL 653691 (M.D. Ala. Feb. 17, 2010).[5]

---

[5] The undersigned recommends that this Court dismiss without prejudice Hardy's present federal habeas petition due to his failure to comply with § 2244(b)(3)(A), rather than (Continued)

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that

---

transfer this matter to the Eleventh Circuit pursuant to 28 U.S.C. § 1631, *see Guenther, supra*, 173 F.3d at 1330-1331, n.4 ("We note that the cases from the Second, Sixth and Tenth Circuits cited in the preceding paragraphs did not analyze § 1631 or explain why it was appropriate authority for the transfer. Significant arguments can be made on either side as to the viability of § 1631, and a different result may occur depending upon whether the matter to be transferred is viewed as a § 2254 application or as a motion under § 2244(b)(3)(A) or as a motion to treat the § 2254 application as a motion under § 2244(b)(3)(A). Also, we note that there are concerns relating to the application of the plain language in 28 U.S.C. § 2244(b)(3)(A) requiring an applicant to move in the court of appeals '[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court.'"); *Dunn v. Singletary*, 168 F.3d 440, 441 n.1 (11th Cir. 1999) ("Immediately after the instant habeas corpus petition was filed, the district court dismissed it without prejudice on May 30, 1997, to allow Dunn to seek authorization from this court to proceed with this successive petition as required by § 2244(b)(3)(A)."), because his petition "in addition to being second or successive, [is] indisputably time-barred." *Guenther*, 173 F.3d at 1331.

jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000); *see Miller-El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). Inasmuch as the instant petition is unquestionably a successive petition and Hardy's first federal habeas petitions were denied on the merits as time-barred, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition for want of jurisdiction or that Hardy should be allowed to proceed further, *Slack, supra*, 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by petitioner, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *Brightwell v. Patterson,* CA 11-0165-WS-C, Doc. 14 (Eleventh Circuit order denying petitioner's motions for a COA and to appeal IFP in a case in which this

8

Court set out the foregoing procedure); *see also Castrejon v. United States,* 2011 WL 3241817, *20 (S.D. Ala. June 28, 2011) (providing for the same procedure), *report & recommendation adopted,* 2011 WL 3241580 (S.D. Ala. July 29, 2011); *Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report & recommendation adopted sub nom. Griffin v. Butterworth*, 2010 WL 3943699 (N.D.Fla. Oct. 5, 2010).

## CONCLUSION

The Magistrate Judge recommends that Antonio Hardy's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be dismissed without prejudice due to petitioner's failure to comply with 28 U.S.C. § 2244(b)(3)(A). Hardy is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 16th day of December, 2011.

    s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
<u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

l.     *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[6] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.     *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[6]     Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).